**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PROTECT DEMOCRACY PROJECT,<br>2020 Pennsylvania Ave., NW, Ste. 163<br>Washington, DC 20006<br><br>*Plaintiff,*<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br>1111 Constitution Avenue NW<br>Washington, DC 20224<br><br>*and*<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220<br><br>*Defendants.* | Case No. 26-cv-0698 |

## COMPLAINT

1.    Plaintiff Protect Democracy Project ("Protect Democracy") brings this action against the Internal Revenue Service and the Department of the Treasury under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the release of records responsive to Protect Democracy's FOIA request.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

1

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, Protect Democracy is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

**PARTIES**

5. Plaintiff Protect Democracy is a nonpartisan, non-profit section 501(c)(3) organization whose mission is to prevent American democracy from declining into a more authoritarian form of government. Protect Democracy engages in public education about threats to democratic norms and institutions and how the American people can best confront them. It advances its mission through research, analysis, technology, and litigation to stand up for free and fair elections, the rule of law, fact-based debate, and a better democracy for future generations. As part of this mission, Plaintiff seeks to inform public understanding of operations and activities of the government by gathering and disseminating information that is likely to contribute significantly to the public understanding of executive branch operations and activities. Plaintiff regularly requests such information pursuant to FOIA. The organization is incorporated under the laws of the District of Columbia.

6. Defendant Internal Revenue Service ("IRS") is a bureau of the U.S. Department of the Treasury ("Treasury") and is headquartered in Washington, D.C. IRS is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). IRS has possession, custody, and control of records that Protect Democracy seeks.

7. Defendant Treasury is a department of the executive branch of the U.S. government headquartered in Washington, D.C., the parent agency of IRS, and an agency of the federal

government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and

control of records that Protect Democracy seeks.

### STATEMENT OF FACTS

8.      On December 19, 2025, Protect Democracy submitted a FOIA request to IRS

seeking the following records:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) and text messages (including complete text message threads or conversations) or messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Wickr, Mattermost, Telegram, or Parler) from (a) the White House Office to (b) the officials listed below.

> a. Internal Revenue Service Officials:

> i.   Scott Bessent, Acting Commissioner
> ii.   Anyone serving in the capacity of Chief of Staff
> iii.   Anyone serving in the capacity of Deputy Commissioner
> iv.   Amy Klonsky, Acting Chief, Communications and Liaison Director
> v.   Kenneth Corbin, Chief, Taxpayer Services
> vi.   Andrew De Mello, former Acting Chief Counsel
> vii.   Kenneth Kies, Chief Counsel
> viii.   Edward Killien, Commissioner, Tax Exempt and Government Entities
> ix.   Robert Choi, former Acting Commissioner, Tax Exempt and Government Entities
> x.   Erick Martinez, Whistleblower Office
> xi.   Guy Ficco, Chief, Criminal Investigation
> xii.   Kaschit Pandya, Chief Information Officer
> xiii.   Dottie Romo, Chief Operating Officer
> xiv.   Jack Walker, Acting Chief Privacy Officer

> Protect Democracy seeks only messages received by IRS from the White House Office, but does not seek any replies from IRS to the White House Office.

> **Please provide all responsive records for the following timeframes:**

> - **September 1, 2025 to September 15, 2025**
> - **September 16, 2025 to September 30, 2025**
> - **October 1, 2025 to October 15, 2025**

3

- **October 15, 2025 to October 31, 2025**
- **November 16, 2025 to November 30, 2025**
- **December 1, 2025 to December 15, 2025**

Exhibit A.

9.    The request contained a request for expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E).

10.    On January 5, 2026, IRS sent a letter acknowledging receipt of the FOIA request, assigning it agency tracking number 2026-03699 and granting Protect Democracy's application for expedited processing. Exhibit B.

11.    On January 12, 2026, IRS sent another letter regarding Protect Democracy's FOIA request. This letter made no mention of the agency's grant of expedited processing and stated that IRS would be "unable to provide the information you requested by January 21, 2026, which is the 20 business-day period required by law for us to respond" and would invoke FOIA's 10-day statutory extension on the grounds that IRS needed to "[s]earch for and, to the extent that records exist, collect requested records from other locations." Exhibit C.

12.    On January 14, 2026, IRS sent a third letter, alleging that IRS was "unable to process your request as it does not meet the requirements of the FOIA or the applicable agency regulations" because, IRS claimed, it "cannot determine what, if anything, may be responsive to your request." The letter noted further that the FOIA and IRS regulations require that requests "describe the documents in sufficient detail to enable us to locate the records without placing an unreasonable burden upon the IRS." Exhibit D (quotations omitted).

13.    The letter suggested that Protect Democracy consider revising its request by, for example, identifying the specific individuals in the White House whose communications Protect Democracy seeks. The letter instructed that any such clarification be made "within 35 days, no

4

later than February 18, 2026, or we will close your request with no further action," and that the "20 business-day statutory response time does not begin until we receive the requested information." *Id.*

14.    Three business days later, on January 20, 2026, Protect Democracy responded by email to IRS's letter, making clear that "at minimum," Protect Democracy was seeking "all email communications to the listed custodians from the domain who.eop.gov," and that custodians should also identify emails from White House officials originating from other domains. *Id.* The email further noted that, with respect to text and other messages, although Protect Democracy was "not in a position to provide phone numbers or handles for White House Office employees[,] . . . the agency custodians themselves should be in a position to do so, and we therefore believe that our request reasonably describes the records requested, such that an agency employee familiar with the subject matter could identify responsive documents." Exhibit E (citing *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990)).

15.    In its January 20 email, Protect Democracy also noted that "despite the statement in your [January 14] letter to the contrary, IRS's response time began on December 19, 2025, the date that the request was received, and was tolled for just three days." *Id.* (citing 5 U.S.C. § 552(a)(6)(A)(ii)).

16.    Taking into account three days' tolling and IRS's invocation of FOIA's ten-day statutory extension, IRS's statutory deadline to respond to Protect Democracy's FOIA request was February 9, 2026.

17.    IRS sent Protect Democracy a fourth letter on February 17, 2026, stating that IRS would be "unable to provide the information you requested by February 18, 2026, which is the 20 business-day period required by law for us to respond." Exhibit F.

18.     IRS appears to have calculated this asserted February 18, 2026 deadline based on Protect Democracy's January 20, 2026 clarification email, instead of the December 19, 2025 submission date of the FOIA request.

19.     The February 17, 2026 letter went on to state that IRS was invoking FOIA's statutory 10-day extension for unusual circumstances due to the need to "[s]earch for and, to the extent that records exist, collect requested records from other locations," and that even though IRS believed the statutory response time would be extended to March 4, 2026, IRS would "still be unable to respond . . . by the extended statutory response date" and would update Protect Democracy if IRS would be unable to complete its response to the request by April 1, 2026. *Id.*

20.     The letter noted that "there is no right to an administrative appeal for failure to meet the statutory 20 business-day, or additional 10 business-day, timeframes for response," but that Protect Democracy had "the right to file suit for a judicial review . . . after February 11, 2026." *Id.*

*Exhaustion of Administrative Remedies*

21.     As of the date of this Complaint, Defendants have failed to either: (a) notify Protect Democracy of a final determination regarding Protect Democracy's FOIA request, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

22.     More than 30 working days have passed since the FOIA request at issue in this lawsuit was filed, in addition to the 3-working-day period during which IRS's response time was tolled pursuant to 5 U.S.C. § 552(a)(6)(A)(ii).

23. Through Defendants' failure to respond to Protect Democracy's FOIA request within the time period required by law, Protect Democracy has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

24. Protect Democracy repeats the allegations in each of the foregoing paragraphs and incorporates them as though fully set forth herein.

25. Protect Democracy properly requested records within Defendants' possession, custody, and control.

26. Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

27. Defendants have failed to promptly and adequately search for agency records that are responsive to Protect Democracy's FOIA request.

28. The failure of Defendants to conduct adequate searches for responsive records violates FOIA.

29. Plaintiff Protect Democracy is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to Protect Democracy's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

30. Protect Democracy repeats the allegations in each of the foregoing paragraphs and incorporates them as though fully set forth herein.

31.    Protect Democracy properly requested records within Defendants' possession, custody, and control.

32.    Defendants are agencies subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide lawful reasons for withholding any materials.

33.    Defendants are wrongfully withholding non-exempt agency records requested by Protect Democracy by failing to produce non-exempt records responsive to its FOIA request.

34.    Defendants are wrongfully withholding non-exempt agency records requested by Protect Democracy by failing to segregate exempt information in otherwise non-exempt records responsive to Protect Democracy's FOIA request.

35.    Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

36.    Plaintiff Protect Democracy is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, Protect Democracy respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to Protect Democracy's FOIA request;

(2) Order Defendants to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Protect Democracy's FOIA request with an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Protect Democracy's FOIA request;

(4) Award Protect Democracy the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Protect Democracy such other relief as the Court deems just and proper.


Dated:      February 27, 2026              Respectfully submitted,

*/s/ Daniel Martinez*
Daniel Martinez
D.C. Bar No. 90025922
David Kronig
D.C. Bar No. 1030649
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-2465
danny.martinez@americanoversight.org

*Counsel for Plaintiff*

9